# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON JAUN CORNELIOUS, | 1:06-cv-01500-TAG HC |
| Petitioner, | ORDER GRANTING RESPONDENT'S MOTION TO DISMISS (Doc. 11) |
| v. | |
| ROSANNE CAMPBELL, | ORDER DISMISSING PETITION AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT |
| Respondent. | |

## **PROCEDURAL HISTORY**

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant federal petition for writ of habeas corpus was filed on October 25, 2006. (Doc. 1). In that petition, Petitioner challenges his February 16, 2001 conviction for petty theft with a prior conviction, a violation of California Penal Code § 484(a), and his resulting Three Strikes sentence of twenty-five years to life. (Id.). On March 7, 2008, Respondent filed the instant motion to dismiss the petition as untimely and successive. (Doc. 11). On April 28, 2008, Petitioner filed objections to the motion to dismiss. (Doc. 18). On May 13, 2008, Respondent filed a reply to the objections. (Doc. 20).

On May 1, 2008, on written consent of all parties, the matter was reassigned to the United States Magistrate Judge for all purposes. (Doc. 19).

///

///

# DISCUSSION

### A. Procedural Grounds for Motion to Dismiss

Respondent has moved to dismiss the petition as being filed outside the one-year limitation period prescribed by Title 28 U.S.C. § 2244(d)(1), and as being a successive petition for which Petitioner failed to obtain permission from the United States Court of Appeals for the Ninth Circuit (the "Ninth Circuit"). Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-603 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the court should use Rule 4 standards to review the motion.

In this case, because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not filed an answer, the Court will review the motion pursuant to its authority under Rule 4.

### B. Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 326, 117 S.Ct. 2059 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), overruled on other grounds by Lindh, 521 U.S. 320. The instant petition was filed on October 25, 2006, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d)

reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, the California Supreme Court denied Petitioner's petition for review on March 19, 2003. (Lodged Document ("LD") 4; Doc. 1, p. 2). There is no indication that Petitioner filed a petition for writ of certiorari. Thus, direct review concluded on June 18, 2003, when the ninety-day period for seeking review in the United States Supreme Court expired. Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998). The one-year limitation period commenced the following day; thus Petitioner had one year from June 19, 2003, or until June 18, 2004, absent applicable tolling, within which to file his federal petition for writ of habeas corpus. See Patterson v. Stewart, 251 F. 3d 1243, 1245 (9th Cir. 2001). As mentioned, the instant petition was not filed until October 25, 2006, some twenty-seven months after the deadline expired. Thus, unless Petitioner is entitled to some form of statutory or equitable tolling for the additional time, the petition is untimely and must be dismissed.

C. Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C.

1  § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules
2  governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531
3  U.S. 4, 8, 121 S. Ct. 361 (2000). An application is pending during the time that 'a California
4  petitioner completes a full round of [state] collateral review," so long as there is no unreasonable
5  delay in the intervals between a lower court decision and the filing of a petition in a higher court.
6  Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized
7  by Waldrip v. Hall, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations
8  omitted); see Evans v. Chavis, 546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold,
9  536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006
10 (9th Cir. 1999).

11        Nevertheless, there are circumstances and periods of time when no statutory tolling is
12 allowed. For example, no statutory tolling is allowed for the period of time between finality of an
13 appeal and the filing of an application for post-conviction or other collateral review in state court,
14 because no state court application is "pending" during that time. Nino, 183 F.3d at 1006-1007.
15 Similarly, no statutory tolling is allowed for the period between finality of an appeal and the filing of
16 a federal petition. Id. at 1007. In addition, the limitation period is not tolled during the time that a
17 federal habeas petition is pending. Duncan v. Walker, 563 U.S. 167, 181-182, 121 S.Ct. 2120
18 (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16,
19 2002). Further, a petitioner is not entitled to statutory tolling where the limitation period has already
20 run prior to filing a state habeas petition. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003)
21 ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the
22 state petition was filed."); Jiminez v. White, 276 F. 3d 478, 482 (9th Cir. 2001). Finally, a petitioner
23 is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims. See
24 Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

25        In this case, Respondent has submitted documents establishing that Petitioner filed the
26 following six state habeas petitions: (1) petition filed in the Superior Court of Stanislaus County on
27 October 10, 2003, and denied on October 14, 2003 (LD 5); (2) petition filed in the California Court
28 of Appeal, Fifth Appellate District ("5th DCA") on October 22, 2003, and denied on February 19,

4

2004 (LD 6, 7); (3) petition filed in the California Supreme Court on November 10, 2003 and denied on August 25, 2004 (LD 8, 9); (4) petition filed in the Stanislaus County Superior Court on July 14, 2005 and denied the same day (LD 10); (5) petition filed in the 5th DCA on August 31, 2005 and denied on September 22, 2005 (LD 11, 12); and (6) petition filed in the California Supreme Court on December 1, 2005 and denied on August 30, 2006 (LD 13, 14).

The documents submitted by Respondent also indicate that on April 23, 2003, Petitioner filed a previous federal habeas petition in this Court, which was assigned case number 1:03-cv-05677-AWI-SMS HC.  That petition was decided on the merits and denied on October 13, 2006.  (LD 15-18.).  Petitioner filed the instant petition twelve days after his previous federal habeas petition was denied.

When Petitioner filed his first state habeas petition on October 10, 2003, 113 days had already expired on the one-year limitation period since it began on June 19, 2003, thus leaving Petitioner only 252 days remaining to file his federal petition.  Assuming, without deciding that the first "round" of three state petitions was properly filed and therefore entitled to statutory tolling, the one-year period would have been tolled from October 10, 2003 until the last of the three petitions in that round was denied by the California Supreme Court on August 25, 2004.  The one-year period would then resume on August 26, 2004 because no properly filed state petition was "pending" for tolling purposes.  Unless Petitioner properly filed another state petition entitled to tolling, the period commencing on August 25, 2004 would expire 252 days later on May 4, 2005.  Petitioner did not commence his next "round" of state petitions until July 14, 2005.  Thus, the one-year period expired over two months before the first of the final three state petitions were filed.

As discussed supra, a petitioner is not entitled to tolling where the limitation period has already run prior to filing a state habeas petition.  Here, the limitation period expired on May 4, 2005, almost two and one-half months *before* Petitioner commenced his next round of state habeas petitions.  Accordingly, Petitioner cannot avail himself of the statutory tolling provisions of the AEDPA for those final three petitions.

///

///

5

Under those circumstances, unless Petitioner is entitled to additional tolling under equitable principles, the instant petition filed on October 25, 2006, was approximately seventeen months late.[1]

D.  Equitable Tolling

The limitation period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time." Shannon v. Newland, 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted).  "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation omitted).  As a consequence, "equitable tolling is unavailable in most cases." Miles, 187 F. 3d at 1107.

In his opposition to Respondent's motion to dismiss, Petitioner implicitly contends that equitable tolling principles should be applied.  Petitioner contends that he is entitled to collateral review of the merits of his petition and alleges that his original plea bargain was breached when, upon a subsequent conviction, California's Three Strikes sentencing scheme was applied. Alternatively, Petitioner asks leave to seek permission to file a successive petition.  Significantly, for purposes of Respondent's motion to dismiss, however, Petitioner does not challenge Respondent's chronology of state habeas petitions filed by Petitioner, nor does he challenge Respondent's analysis of when the one-year limitation period commenced or expired.  In essence, Petitioner asks the Court to ignore 28 U.S.C. § 2244(d) and proceed to the merits of the petition,  notwithstanding its tardiness.  This the Court cannot do.

---

[1] As mentioned supra, the limitation period is not tolled for the time a federal habeas application is pending in federal court, because, under the AEDPA, it is not an "application for State post-conviction or other collateral review." Duncan v. Walker, 533 U.S. at 181-182 (emphasis supplied).  Thus, Petitioner is not entitled to any statutory tolling for the pendency of his earlier federal habeas petition.

6

The petition is late by approximately seventeen months, and unless Petitioner is entitled to equitable tolling, the petition is untimely. Petitioner does not allege, and the record does not disclose, any basis for equitable tolling, i.e., that extraordinary circumstances beyond Petitioner's control prevented him from filing a timely federal petition. Accordingly, the Court has no alternative but to find that the petition is untimely and must be dismissed.

E. Successive Petitions

Respondent also alleges that the instant petition must be dismissed as successive. The Court agrees. As noted supra, the instant petition was filed on October 25, 2006, after the enactment of the AEDPA. The AEDPA amendments altered both the procedural and substantive aspects of federal habeas law. See In re Minarik, 166 F.3d 591, 599-600 (3rd Cir.1999)(considering procedural and substantive retroactivity separately); Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997) (observing that the AEDPA contains both aspects).

Prior to the enactment of the AEDPA, federal courts denied a second or successive petition if the government could demonstrate that the petition constituted an abuse of the writ. See McCleskey v. Zant, 499 U.S. 467, 494, 111 S.Ct. 1454 (1991). Courts excused an abuse of the writ only if: (1) the applicant could establish cause and prejudice--i.e., that "some objective factor external to the defense impeded counsel's efforts" to raise the claim earlier and that "actual prejudice result[ed] from the errors of which he complain[ed,]" id. at 493-494, (internal quotation marks and citations omitted); or (2) the applicant could demonstrate that "a fundamental miscarriage of justice would result from a failure to entertain the claim." Id.

The AEDPA, however, replaced the abuse-of-the writ doctrine articulated in McCleskey. Under the AEDPA's "gatekeeping" provisions, an applicant seeking to file a second or successive petition *must* obtain from the appropriate court of appeals an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). Section 2244(b)(2) provides that a claim presented in a second or successive habeas corpus application under § 2254 that was not presented in a prior application *shall be dismissed* unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underling the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

As mentioned above, Petitioner filed a prior federal petition in case number 1:03-cv-05677-AWI-SMS, which, like the instant petition, challenged his 2001 conviction. Thus, unless Petitioner obtained permission from the Ninth Circuit to file the instant petition, it must be dismissed. Here, there is no indication that the Ninth Circuit authorized the Court to consider the instant petition. Moreover, by requesting leave to seek permission to file a successive petition, Petitioner has implicitly conceded that he did not have such permission at the time the instant petition was filed. Accordingly, the petition should be dismissed as successive as well as untimely.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's motion to dismiss (Doc. 11), is GRANTED;

2. Petitioner's petition for writ of habeas corpus (Doc. 1) is DISMISSED for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one-year limitation period and as a successive petition; and

3. The Clerk of Court is DIRECTED to enter judgment accordingly.

IT IS SO ORDERED.

Dated: **January 7, 2009**                              /s/ Theresa A. Goldner
                                                       UNITED STATES MAGISTRATE JUDGE